UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

-against-                                                    S1 19-cr-0443 (LAK)

DANIEL MELAMED,

                        Defendant.
------------------------------------x

# MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

Defendant was arrested, presented, and arraigned, and consented to detention, on November 19, 2019 on the superseding indictment. He is charged with one count of conspiracy to commit arson and two counts of arson. After defendant sought release, the government sought his detention on the ground that no condition or combination of conditions could reasonably assure his appearance or the safety of the community. The Court granted the government's application, finding that "in light of the uncontroverted proffer by the government with respect to the content of recent communications [of the defendant], . . . no condition or combination of conditions would secure the community and the safety of the community against additional crimes of the sort that the defendant is charged with. This is a public safety hazard." Tr., Nov. 26, 2019, at 20. It did not reach the question of risk of flight.

Defendant now moves for his release on the same terms that the Court rejected earlier. In a nutshell, he argues that three material circumstances have changed – the reversal of his previous felony conviction in New York Supreme Court, Kings County; alleged deficiencies in the government's case supposedly revealed by Rule 16 discovery; and an inability to prepare for trial (heretofore

scheduled to begin on June 1, 2020), in view of the government's alleged failure to complete discovery and the conditions at the MCC, where defendant is incarcerated, as a result of the COVID-19 crisis.

These contentions are unpersuasive, largely for the reasons set forth in the government's submission of March 23, 2020. DI 27. Without limiting the generality of that statement, the Court notes the following:

1. Defendant's felony conviction in Kings County – which was entered on the basis of his plea of guilty to residential mortgage fraud, two counts of grand larceny in the second degree, four counts of forgery in the second degree, and four counts of criminal possession of a forged instrument – was overturned by the Appellate Division. It concluded that a search warrant, pursuant to which the People obtained a great deal of evidence, was insufficiently particular.

Although defendant's conviction was overturned, the fact remains that he pleaded guilty to the state charges. The grounds on which his conviction were overturned had nothing whatever to do with his culpability. The conduct to which he admitted in entering that plea is relevant on the issue whether any condition or combination of conditions would reasonably would assure the safety of the community. That admitted conduct cuts decidedly against defendant.

2. Defendant's reliance on the Rule 16 discovery is much too heavy. If the government's witnesses testify consistently with the government's proffers, the alleged facts are more than sufficient to show that defendant would be a risk to the public if released pending trial. And the alleged lack of documents directly implicating defendant in the crimes charged, assuming that is an apt characterization of the government's production, does not go very far. Participants in conspiracies to commit arson to drive squatters and others out of real estate in order to permit development presumably do not often write memoranda to each other revealing the objects of the conspiracy.

3. Finally, the Court well understands the limitations on the ability of incarcerated

defendants to prepare for trial in light of the measures taken to stem the spread of COVID-19. And it is very sympathetic to the understandable health concerns of the incarcerated, especially those of pretrial detainees. Moreover, it recognizes that there probably is a great deal of documentary material that counsel and the defendant must go over in detail in order to prepare fully for trial of this case, a process that is greatly impaired and, it appears, perhaps prevented at least for the next two weeks, given the pandemic. If there were any realistic prospect of this trial commencing on June 1, that would weigh very heavily. Given the pandemic, however, there is not. By standing order, all criminal jury trials scheduled to begin after April 27, 2020, have been continued pending further order of the Court. *In re: Coronavirus: COVID-19 Pandemic*, 20-mc-154, ¶ 2 (filed Mar. 13, 2020). Accordingly, the trial of this case is continued *sine die*. That is not to say, however, that defendant's health concerns are not entitled to consideration. To his credit, however, he has acknowledged that he is a healthy 42-year-old man who is not especially vulnerable to the virus even if infected.

Accordingly, defendant's application [DI 26, DI 28] is denied.

SO ORDERED.

Dated: April 2, 2020

_____
Lewis A. Kaplan
United States District Judge