# LAW OFFICE OF KEVIN J. KEATING, P.C.

Kevin J. Keating, Esq.

Counsel:
Stefani Goldin, Esq.

MEMO ENDORSED

666 Old Country Road, Suite 900
Garden City, New York 11530

T: (516) 222-1099
F: (516) 745-0844

MANHATTAN OFFICE
BY APPOINTMENT
T: (212) 964-2702

June 24, 2020

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>United States v. Melamed</u>
19CR443 (LAK)

Dear Judge Kaplan:

As Your Honor is aware, I am attorney for Daniel Melamed. I write to respectfully request that the Court grant Melamed's release from pre-trial custody from the MCC – where he has been housed for seven months – on a substantial secured bond with a condition of home confinement and electronic monitoring. For the reasons set forth below, in this close case, it is submitted that the unanticipated length of Melamed's pre-trial custody – with no clear end in sight – is a changed circumstance warranting the requested relief.

<u>Background</u>

Melamed was arrested in this matter on November 19, 2019, and held pending a bail hearing on November 26, 2019. It is submitted that a review of the minutes of the proceeding reveal this Court's decision to remand Melamed pending trial to have been a close issue.

As the Court recalls, the Indictment alleges Melamed's participation in an arson in Manhattan in *2011* (Counts 2 and 3), and a conspiracy to commit arson involving a series of fires in Brooklyn, and one in Nassau County, *all ending in 2013.* The Government's theory of prosecution is that Melamed was one of a number of real estate developers who had hired (now cooperator) Williams to provide security services in connection with the purchase of distressed and foreclosed properties in East New York, Bedford Stuyvesant, and other Brooklyn communities. Much of the services provided by Williams were lawful. Such activities would include, accompanying new owners inside properties which were, at the time, located in rough neighborhoods, or meeting on his own with squatters and holdovers to negotiate settlement buyouts. But, as alleged by the Government, Williams occasionally engaged in acts of arson designed to intimidate squatters or holdover tenants who illegally remained in the properties purchased by Melamed, and who had declined financial settlement offers to vacate. To be

Memorandum Endorsement                  United States v. Melamed, 19-cr-443 (LAK)

Section 3142(f) of Title 18 states:

"The [pretrial detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds [1] that information exists that was not known to the movant at the time of the hearing [2] and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required *and the safety of any other person and the community.*"  (Emphasis added)

This Court already has concluded that there are no conditions of release that would reasonably assure public safety from this accused arsonist. The defendant nevertheless seeks to have the detention order reconsidered because his trial has been and likely will continue to be detained by reason of the COVID-19 pandemic.

The Court is very much aware of the regrettable delays of criminal trials caused by the pandemic. Had the pandemic never occurred, this defendant would have been tried last month. And it is very much aware also that his continued detention until his trial can be held safely is quite unfortunate and that the Court is not today in a position to say when he can be tried (although it soon may have more information on that question). But defendant does not claim that anything has changed regarding the risks to public safety that would result if defendant were released. Rather, he relies solely on the unusual length of his pretrial detention.

As the government rightly points out, the unusual length of that detention has nothing to do with whether releasing defendant on any conditions would be an unacceptable public safety risk. Accordingly, the motion is denied.

SO ORDERED.

Dated:      July 7, 2020

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge